UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

SHEENA STEWART,

                                        Plaintiff,

            -against-

CITY OF NEW YORK, MATTHEW CASTELLANO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

        Plaintiff SHEENA STEWART, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

        1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff SHEENA STEWART is a twenty-eight-year old African American female resident of New Jersey.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants MATTHEW CASTELLANO and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On March 31, 2015, at approximately 9:00 a.m., defendant NYPD police officers MATTHEW CASTELLANO and JOHN DOE 1 participated in assaulting and battering plaintiff, falsely arresting her, and manufacturing false evidence against her, and/or failed to intervene in said acts despite being present and/or aware of said of acts and abuses of authority.

13.     On the aforesaid date, plaintiff, who had never before been arrested and was in her 30th week of pregnancy, was driving to her place of employment when she was pulled over in the vicinity of 85 St. Josephs Avenue, Staten Island, New York, by defendants CASTELLANO and JOHN DOE 1.

14.     Plaintiff had not committed any traffic infractions prior to being pulled over.

15.     Plaintiff was visibly pregnant.

16.     After pulling plaintiff over, defendants CASTELLANO and JOHN DOE 1 approached plaintiff's vehicle and asked plaintiff for her license and registration.

17.     Plaintiff provided her license and was in the process of looking through papers from her glove box for her registration.

18.     The defendant officers were speaking rudely to plaintiff and rushing her.

19.     One of the officers, believed to be CASTELLANO, stated in sum and substance, what the fuck is taking you so long.

20.     Plaintiff responded, in sum and substance, if you are going to continue speaking to me like this, I am going to record how you are speaking to me.

3

21.     CASTELLANO responded by stating in sum and substance said you are under arrest, and forcefully grabbed plaintiff to pull her from her vehicle.

22.     Plaintiff was still wearing her seatbelt as CASTELLANO was pulling on her and trying to remove her from her vehicle.

23.     In addition to being visibly pregnant, plaintiff also verbally informed CASTELLANO she was pregnant as he was pulling on her.

24.     CASTELLANO then removed plaintiff's seatbelt, pulled plaintiff out of her vehicle, and then threw her to the ground on her pregnant stomach.

25.     The defendants handcuffed plaintiff, shoved plaintiff into their patrol car, and transported her to the 121st Precinct.

26.     During plaintiff's transport, defendants CASTELLANO and JOHN DOE 1 continued to speak rudely to plaintiff and threatened to get her fired from her place of employment.

27.     Once at the precinct, the defendant officers again rushed plaintiff as she was getting out of the patrol car with difficulty, called plaintiff a fat bastard, and rushed her and shoved her as she was walking, claiming she was walking too slowly.

28.     Once in the precinct, plaintiff was patted down and placed in a cell.

29.     Plaintiff requested medical treatment because she was having stomach cramping and back pain.

30.     Plaintiff was left in the cell for approximately an hour before an ambulance arrived to transport her to Richmond University Medical Center for treatment.

31.     Plaintiff remained handcuffed throughout her treatment.

32.    After receiving treatment, plaintiff was transported to the 120th Police Precinct, where she remained imprisoned until the next day.

33.    On April 1, 2015, plaintiff was transported to Richmond County Criminal Court and thereafter released following her arraignment on baseless charges filed under docket number 2015RI002327; said charges having been filed based on the false allegations of defendant CASTELLANO, who conspired with defendant JOHN DOE 1 to provide false information and evidence to the Richmond County District Attorney's Office.  Said false information and evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

34.    In particular, the defendant officers claimed that plaintiff had purportedly obstructed governmental administration, resisted arrested, and acted disorderly.  All of these claims are false.

35.    The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the abovementioned abuse of authority and acts of brutality.

36.    Plaintiff thereafter returned to court on numerous occasions until July 31, 2015, on which date all the false allegations of the defendant officers were adjourned in contemplation of dismissal and thereafter dismissed and sealed.

37.    Defendants CASTELLANO, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the

5

aforementioned misconduct.

38.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, employing excessive use of force, and due to discrimination against plaintiff due to her race and/or nationality.

39.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, the probable cause required to arrest individuals, and that said officers pull over motorists and arrest individuals due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification to cover up their abuses of authority.

40.    For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

41.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

42.   Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

43.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44.   All of the aforementioned acts deprived plaintiff SHEENA STEWART, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

45.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

46.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48.   As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries,

7

emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 Against the Individually Named Defendants)

49.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants arrested plaintiff SHEENA STEWART, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

51.    Defendants caused plaintiff SHEENA STEWART to be falsely arrested and unlawfully imprisoned.

52.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 Against the Individually Named Defendants)

53.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff SHEENA STEWART'S constitutional rights.

55.    As a result of the aforementioned conduct of defendants, plaintiff SHEENA

8

STEWART was subjected to excessive force and sustained physical and emotional injuries.

56.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983 Against the Individually Named Defendants)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants issued criminal process against plaintiff SHEENA STEWART by causing her arrest and prosecution in Richmond County Criminal Court.

59.     Defendants caused plaintiff SHEENA STEWART to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

60.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 Against the Individually Named Defendants)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants created false evidence against plaintiff SHEENA STEWART.

63.     Defendants utilized this false evidence against plaintiff SHEENA STEWART in legal proceedings.

64.     As a result of defendants' creation and use of false evidence, plaintiff SHEENA STEWART suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

65.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 Against the Individually Named Defendants)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

68.     The defendants failed to intervene to prevent the unlawful conduct described herein.

69.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

70. As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983 Against the Individually Named Defendants)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. The defendants pulled plaintiff over, falsely arrested, unlawfully imprisoned, and subjected plaintiff SHEENA STEWART to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

73. As a result of the foregoing, plaintiff SHEENA STEWART was deprived of her rights under the Equal Protection Clause of the United States Constitution.

74. As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 Against the Supervisory Individual Defendants)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The supervisory defendants personally caused plaintiff's constitutional injury by

11

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

77.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(<u>Municipal Liability under 42 U.S.C. § 1983 Against Defendant City of New York</u>)

78.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

80.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause and due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification to cover up their abuse of authority.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct

complained of herein.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

82.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

83.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

84.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHEENA STEWART was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

85.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

86.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from excessive force;

        D.     To be free from the failure to intervene;

13

E.      To be free from malicious abuse of process; and

F.      To receive equal protection under law.

87.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Within ninety (90) days after the claim herein accrued, plaintiff SHEENA STEWART duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

90.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

91.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

92.     Plaintiff SHEENA STEWART has complied with all conditions precedent to maintaining the instant action.

93.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     As a result of the foregoing, plaintiff SHEENA STEWART was placed in apprehension of imminent harmful and offensive bodily contact.

96.     As a result of defendant's conduct, plaintiff SHEENA STEWART has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

98.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.     Defendants made offensive contact with plaintiff SHEENA STEWART without privilege or consent.

101.     As a result of defendants' conduct, plaintiff SHEENA STEWART has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

15

humiliation.

102.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

103.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York Against All Defendants)

104.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Defendants arrested plaintiff SHEENA STEWART without probable cause.

106.    Plaintiff SHEENA STEWART was detained against her will for an extended period of time and subjected to physical restraints.

107.    As a result of the aforementioned conduct, plaintiff SHEENA STEWART was unlawfully imprisoned in violation of the laws of the State of New York.

108.    As a result of the aforementioned conduct, plaintiff SHEENA STEWART suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

109.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

110.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to

16

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York Against All Defendants)

111.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Defendants issued criminal process against plaintiff SHEENA STEWART by causing her to be arrested, arraigned and prosecuted in Richmond County Criminal Court.

113.     Defendants caused plaintiff SHEENA STEWART to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality.

114.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

115.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York Against All Defendants)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth

17

herein.

117. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

118. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

119. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

120. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

121. As a result of the aforementioned conduct, plaintiff SHEENA STEWART, suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

122. As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York Against Defendant City of New York)

123. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

18

and participated in the arrest, prosecution, and use of force against plaintiff SHEENA STEWART.

125. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

126. As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York Against Defendant City of New York)

127. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff SHEENA STEWART.

129. As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York Against All Defendants)

130.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    Plaintiff SHEENA STEWART'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

132.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' negligence under the doctrine of *respondeat superior*.

133.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11 against Defendant City of New York)

134.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth herein.

135.    As a result of defendants' conduct, plaintiff SHEENA STEWART was deprived of her right to equal protection of laws.

136.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to

20

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

137.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "136" with the same force and effect as if fully set forth herein.

138.    As a result of defendants' conduct, plaintiff SHEENA STEWART was deprived of her right to security against unreasonable searches, seizures, and interceptions.

139.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       June 28, 2016

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff SHEENA STEWART
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     ___/s/ Brett Klein_____
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SHEENA STEWART,

                                                    Plaintiff,

                                                                            Docket No.

                    -against-

CITY OF NEW YORK, MATTHEW CASTELLANO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                                    Defendants.

--------------------------------------------------------------------------------X


## COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132