UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

SHEENA STEWART,                                                    **AMENDED**
                                                                  **COMPLAINT**
                                            Plaintiff,

                                                                  16 CV 3575
               -against-                                          (ILG) (LB)

                                                                  <u>Jury Trial Demanded</u>

CITY OF NEW YORK, MATTHEW CASTELLANO,
Individually, SCOTT FORSTER, Individually,

                                            Defendants.

-------------------------------------------------------------------------------X

       Plaintiff SHEENA STEWART, by her attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff SHEENA STEWART is a twenty-eight-year old African American female resident of New Jersey.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MATTHEW CASTELLANO and SCOTT FORSTER, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## **FACTS**

12.     On March 31, 2015, at approximately 9:00 a.m., defendant NYPD officers MATTHEW CASTELLANO and Lieutenant SCOTT FORSTER participated in assaulting and battering plaintiff, falsely arresting her, and manufacturing false evidence against her, and/or failed to intervene in each other's unlawful acts despite being present and/or aware of said of acts and abuses of authority.

13.     On the aforesaid date, plaintiff, who had never before been arrested and was in her 30th week of pregnancy, was driving to her place of employment when she was pulled over in the vicinity of 85 St. Josephs Avenue, Staten Island, New York, by defendants CASTELLANO and FORSTER, who were on duty and acting in their capacities and in full scope of their duties as NYPD officers.

14.     Plaintiff had not committed any traffic infractions prior to being pulled over.

15.     Plaintiff was visibly pregnant.

16.     After pulling plaintiff over, defendants CASTELLANO and FORSTER approached plaintiff's vehicle and asked plaintiff for her license and registration.

17.     Plaintiff provided her license, and was in the process of looking through papers from her glove box for her registration.

18.     The defendant officers were speaking rudely to plaintiff and rushing her.

19.     Defendant CASTELLANO stated, in sum and substance, what the fuck is taking you so long.

20.     Plaintiff responded, in sum and substance, if you are going to continue speaking

3

to me like this, I am going to record how you are speaking to me.

21.    CASTELLANO responded by stating, in sum and substance, said you are under arrest, and thereafter forcefully and otherwise unreasonably grabbed plaintiff to pull her from her vehicle.

22.    Plaintiff was still wearing her seatbelt as CASTELLANO was pulling on her and trying to remove her from her vehicle.

23.    In addition to being visibly pregnant, plaintiff also verbally informed CASTELLANO she was pregnant as he was pulling on her.

24.    CASTELLANO then removed plaintiff's seatbelt, pulled plaintiff out of her vehicle, and then threw her to the ground on her pregnant stomach.

25.    The defendants handcuffed plaintiff, shoved plaintiff into their patrol car, and transported her to the 121st Precinct.

26.    During plaintiff's transport, defendants CASTELLANO and FORSTER continued to speak rudely to plaintiff and threatened to get her fired from her job.

27.    Once at the precinct, the defendant officers again rushed plaintiff as she was getting out of the patrol car with difficulty, called plaintiff a fat bastard, and rushed her and shoved her as she was walking, claiming she was walking too slowly.

28.    Once in the precinct, plaintiff was patted down and placed in a cell.

29.    Plaintiff requested medical treatment because she was having stomach cramping and back pain.

30.    Plaintiff was left in the cell for approximately an hour before an ambulance arrived to transport her to Richmond University Medical Center for treatment.

4

31.     Plaintiff remained handcuffed throughout her treatment.

32.     After receiving treatment, plaintiff was transported to the 120th Police Precinct, where she remained imprisoned until the next day.

33.     On April 1, 2015, plaintiff was transported to Richmond County Criminal Court and thereafter released following her arraignment on baseless charges filed under docket number 2015RI002327; said charges having been filed based on the false allegations of defendant CASTELLANO, who conspired with defendant FORSTER to provide false information and evidence to the Richmond County District Attorney's Office.  Said false information and evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

34.     In particular, the defendant officers claimed that plaintiff had purportedly obstructed governmental administration, resisted arrested, and acted disorderly.  All of these claims are false.

35.     The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the abovementioned abuse of authority and acts of brutality.

36.     Plaintiff thereafter returned to court on numerous occasions until July 31, 2015, on which date all the false allegations of the defendant officers were adjourned in contemplation of dismissal and thereafter dismissed and sealed.

37.     In addition, defendant CASTELLANO falsely issued three traffic violation tickets to Ms. Stewart for purportedly failing to stop at a stop sign, failing to present documents, and

5

insufficient turn signal, bearing ticket numbers AAY4677853; AAY4577831; and AAY4677842, respectively.

38.     These tickets were also issued based on false and manufactured allegations.

39.     Plaintiff appeared to answer for said traffic tickets at the Department of Motor Vehicles Traffic Violations Division for Richmond County on July 1, 2016, on which date all tickets were dismissed.

40.     Defendants FORSTER participated in and supervised, approved of, and oversaw, the aforementioned misconduct.

41.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of disproportionally stopping motorists of color, subjecting individuals to excessive force, and engaging in a practice of falsification and manufacturing evidence in an attempt to justify their use of excessive force.

42.     The existence of the aforesaid unconstitutional customs and policies, and lack of training and supervision, may be inferred from repeated occurrences of similar wrongful conduct by the NYPD as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York, as well as in New York State courts, as well as notices of claims filed with the CITY OF NEW YORK, complaints filed with the NYPD's Internal Affairs Bureau and the CITY OF NEW YORK'S Civilian Complaint Review Board, media coverage, and investigations conducted by the NYPD.

43.     For example, with respect to the custom and practice of using excessive force, and the pervasive lack of adequate training in that regard, and in particular with regard to de-escalation techniques, the New York City Department of Investigation Office of the Inspector General for the NYPD investigated uses of force by the NYPD, and issued a report on October 1, 2015.[1]  Said report acknowledged that between the years of 2010 and 2014, the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of adequate training, and further found that the NYPD's use-of-force policy which was in place at the time was "vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

44.     Furthermore, as to falsification by NYPD officers, in another civil rights action filed in this District involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

45.     Moreover, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

---

[1] Said report is available on the City of New York's website at
http://www1.nyc.gov/assets/oignypd/downloads/pdf/oig_nypd_use_of_force_report_-_oct_1_2015.pdf

46.     For instance, the CITY OF NEW YORK is aware that defendant FORSTER has previously been sued on at least two other occasions for using excessive use of force in the matters *Coppa v. City of New York, et al.*, 11 CV 2280 (FB) (SMG) and *Lewis v. Bennett, et al.*, 12 CV 5845 (JG) (RLM).

47.     Despite the above described notice, defendant CITY OF NEW YORK has failed to take correction action. This failure caused the officers in the present case to violate plaintiff's civil rights.

48.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

49.     All of the aforementioned acts deprived plaintiff SHEENA STEWART, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

50.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

51.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

8

municipality/authority, which is forbidden by the Constitution of the United States.

53.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 Against the Individually Named Defendants)

54.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.    Defendants arrested plaintiff SHEENA STEWART without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

56.    Defendants caused plaintiff SHEENA STEWART to be falsely arrested and unlawfully imprisoned.

57.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### **AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 Against the Individually Named Defendants)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff SHEENA STEWART'S constitutional

rights.

60.     As a result of the aforementioned conduct of defendants, plaintiff SHEENA

STEWART was subjected to excessive force and sustained physical and emotional injuries.

61.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983 Against the Individually Named
Defendants)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants issued criminal process against plaintiff SHEENA STEWART by

causing her arrest and prosecution in Richmond County Criminal Court.

64.     Defendants caused plaintiff SHEENA STEWART to be arrested and prosecuted

in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to

avoid discipline for their abuse of authority and acts of brutality, and thereby violated plaintiff's

right to be free from malicious abuse of process.

65.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
<u>(Violation of Right to Fair Trial under 42 U.S.C. § 1983 Against the Individually Named
Defendants)</u>

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants created false evidence against plaintiff SHEENA STEWART.

68.     Defendants utilized this false evidence against plaintiff SHEENA STEWART in

legal proceedings.

69.     As a result of defendants' creation and use of false evidence, plaintiff SHEENA

STEWART suffered a violation of his constitutional rights to a fair trial, as guaranteed by the

United States Constitution.

70.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
<u>(Failure to Intervene under 42 U.S.C. § 1983 Against the Individually Named Defendants)</u>

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose

constitutional rights were being violated in their presence by other officers.

73.     The defendants failed to intervene to prevent the unlawful conduct described

herein.

74.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty

11

was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

75. As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983 Against the Individually Named Defendants)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The defendants pulled plaintiff over, falsely arrested, unlawfully imprisoned, and subjected plaintiff SHEENA STEWART to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

78. As a result of the foregoing, plaintiff SHEENA STEWART was deprived of her rights under the Equal Protection Clause of the United States Constitution.

79. As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

12

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 Against Defendant Forster)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendant FORSTER personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

82.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 Against Defendant City of New York)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

85.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, disproportionally stopping motorists of color, subjecting citizens to excessive force, arresting individuals without probable cause, and engaging in a practice of falsification to cover up their abuse of authority.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate

screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

86.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

87.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

88.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

89.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHEENA STEWART was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

90.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

91.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.      Not to be deprived of liberty without due process of law;

B.      To be free from false arrest/unlawful imprisonment;

C.      To be free from excessive force;

D.      To be free from the failure to intervene;

E.      To be free from malicious abuse of process; and

F.      To receive equal protection under law.

92.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Within ninety (90) days after the claim herein accrued, plaintiff SHEENA STEWART duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

95.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

96.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

97.     Plaintiff SHEENA STEWART has complied with all conditions precedent to

maintaining the instant action.

98.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

99.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.   As a result of the foregoing, plaintiff SHEENA STEWART was placed in apprehension of imminent harmful and offensive bodily contact.

101.   As a result of defendant's conduct, plaintiff SHEENA STEWART has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

102.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

103.   As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

104.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Defendants made offensive contact with plaintiff SHEENA STEWART without privilege or consent.

106.    As a result of defendants' conduct, plaintiff SHEENA STEWART has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

107.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

108.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York Against All Defendants)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Defendants arrested plaintiff SHEENA STEWART without probable cause.

111.    Plaintiff SHEENA STEWART was detained against her will for an extended period of time and subjected to physical restraints.

112.    As a result of the aforementioned conduct, plaintiff SHEENA STEWART was unlawfully imprisoned in violation of the laws of the State of New York.

113.    As a result of the aforementioned conduct, plaintiff SHEENA STEWART suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and

loss of freedom.

114.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

115.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York Against All Defendants)

116.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Defendants issued criminal process against plaintiff SHEENA STEWART by causing her to be arrested, arraigned and prosecuted in Richmond County Criminal Court.

118.     Defendants caused plaintiff SHEENA STEWART to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality.

119.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

120.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York Against All Defendants)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

123.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

124.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

125.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

126.    As a result of the aforementioned conduct, plaintiff SHEENA STEWART, suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

127.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York Against Defendant City of New York)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff SHEENA STEWART.

130.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

131.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York Against Defendant City of New York)

132.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

133.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

participated in the arrest, prosecution, and use of force against plaintiff SHEENA STEWART.

134.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York Against All Defendants)

135.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "134" with the same force and effect as if fully set forth herein.

136.     Plaintiff SHEENA STEWART'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

137.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' negligence under the doctrine of *respondeat superior*.

138.     As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11 against Defendant City of New York)

139.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "138" with the same force and effect as if fully set forth herein.

140.    As a result of defendants' conduct, plaintiff SHEENA STEWART was deprived of her right to equal protection of laws.

141.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

142.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "141" with the same force and effect as if fully set forth herein.

143.    As a result of defendants' conduct, plaintiff SHEENA STEWART was deprived of her right to security against unreasonable searches, seizures, and interceptions.

144.    As a result of the foregoing, plaintiff SHEENA STEWART is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
November 28, 2016

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff SHEENA STEWART
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:      s/ Brett Klein_____
BRETT H. KLEIN (BK4744)

23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SHEENA STEWART,

                                    Plaintiff,

                                                                              16 CV 3575
                                                                               (ILG) (LB)

                 -against-

CITY OF NEW YORK, MATTHEW CASTELLANO,
Individually, SCOTT FORSTER, Individually,

                                 Defendants.

--------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132