UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHEENA STEWART,

                         Plaintiff,

            -against-

CITY OF NEW YORK, MATTHEW CASTELLANO, Individually, and SCOTT FORSTER, Individually,

                         Defendants.

**ANSWER TO THE AMENDED COMPLAINT**

16 CV 3575 (ILG) (LB)

Jury Trial Demanded

------------------------------------------------------------------------ x

       Defendants Matthew Castellano, Scott Forster and The City of New York, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, filed on November 28, 2016 (the "Amended Complaint"), respectfully:

       1. Deny the allegations in paragraph "1" of the Amended Complaint, except admit that plaintiff commenced this action seeking certain relief as stated therein, and purports to assert supplemental state law claims.

       2. Deny the allegations in paragraph "2" of the Amended Complaint, except admit that plaintiff has commenced an action as stated therein.

       3. Deny the allegations in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       4. Deny the allegations in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

       5. State that the allegations in paragraph "5" of the Amended Complaint demand a jury trial to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Amended Complaint.

7. Deny the allegations in paragraph "7" of the Amended Complaint, except admit the City is a municipal corporation duly organized under the laws of the State of New York.

8. Deny the allegations in paragraph "8" of the Amended Complaint, except admit that the City maintains a police department, and respectfully refer to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the NYPD.

9. Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "9" of the Amended Complaint, except admit that Matthew Castellano and Scott Forster were on March 31, 2015 employed by the City as members of its police department.

10. State that the allegations in paragraph "10" of the Amended Complaint are conclusions of law rather than averments of fact and, accordingly, no response is required.

11. Deny the allegations in paragraph "11" of the Amended Complaint.

12. Deny the allegations in paragraph "12" of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "13" of the Amended Complaint, except admit on information and belief that on March 31, 2015, plaintiff was pulled over in the vicinity of 85 St. Josephs Avenue.

14. Deny the allegations in paragraph "14" of the Amended Complaint.

15. Deny the allegations in paragraph "15" of the Amended Complaint.

16. Deny the allegations in paragraph "16" of the Amended Complaint, except admit that defendants approached plaintiff's vehicle and defendant Castellano asked plaintiff for her license and registration.

17. Deny the allegations in paragraph "17" of the Amended Complaint.

18. Deny the allegations in paragraph "18" of the Amended Complaint.

19. Deny the allegations in paragraph "19" of the Amended Complaint.

20. Deny the allegations in paragraph "20" of the Amended Complaint.

21. Deny the allegations in paragraph "21" of the Amended Complaint.

22. Deny the allegations in paragraph "22" of the Amended Complaint.

23. Deny the allegations in paragraph "23" of the Amended Complaint.

24. Deny the allegations in paragraph "24" of the Amended Complaint, except admit that defendant Castellano removed plaintiff from the vehicle.

25. Deny the allegations in paragraph "25" of the Amended Complaint, except admit that plaintiff was placed in handcuffs and transported to the 121st Precinct.

26. Deny the allegations in paragraph "26" of the Amended Complaint.

27. Deny the allegations in paragraph "27" of the Amended Complaint.

28. Deny the allegations in paragraph 28 of the Amended Complaint, except admit that plaintiff was placed in a cell.

29. Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "29" of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "31" of the Amended Complaint.

32. Deny the allegations in paragraph "32" of the Amended Complaint, except admit on information and belief that plaintiff was transported to the 120th Precinct after she left the hospital.

33. Deny the allegations in paragraph "33" of the Amended Complaint, except admit on information and belief that plaintiff was transported to Richmond County Criminal Court on April 1, 2015, and was released on her own recognizance following her arraignment.

34. Deny allegations in paragraph "34" of the Amended Complaint, except admit that plaintiff was arrested for obstruction of governmental administration, resisting arrest and disorderly conduct.

35. Deny the allegations in paragraph "35" of the Amended Complaint.

36. Deny the allegations in paragraph "36" of the Amended Complaint, except admit on information and belief that charges against plaintiff were adjourned in contemplation of dismissal on July 31, 2015, and deny knowledge or information sufficient to form a belief as to how many times plaintiff returned to court.

37. Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "37" of the Amended Complaint, except admit on information and believe that plaintiff was issued one or more tickets for traffic violations.

38. Deny the allegations in paragraph "38" of the Amended Complaint.

39. Deny knowledge or information sufficient to form a belief to the truth of the allegations in paragraph "39" of the Amended Complaint.

40. Deny the allegations in paragraph "40" of the Amended Complaint.

41. Deny the allegations in paragraph "41" of the Amended Complaint.

42. Deny the allegations in paragraph "42" of the Amended Complaint.

43. Deny the allegations in paragraph "43" of the Amended Complaint, except respectfully refer the Court to the report referred to therein for an accurate recitation of its contents

44. Deny the allegations in paragraph "44" of the Amended Complaint, except respectfully refer the Court to the case therein for an accurate recitation of its contents.

45. Deny the allegations in paragraph "45" of the Amended Complaint.

46. Deny the allegations in paragraph "46" of the Amended Complaint, except admit that defendant Forster was a named defendant in the matters of Coppa v. City of New York, et al., 11 CV 2280 (FB)(SMG) and Lewis v. Bennett, et al., 12 CV 5845 (JG) (RLM).

47. Deny the allegations in paragraph "47" of the Amended Complaint.

48. Deny the allegations in paragraph "48" of the Amended Complaint.

49. Deny the allegations in paragraph "49" of the Amended Complaint.

50. Deny the allegations in paragraph "50" of the Amended Complaint.

51. Deny the allegations in paragraph "51" of the Amended Complaint.

52. Deny the allegations in paragraph "52" of the Amended Complaint.

53. Deny the allegations in paragraph "53" of the Amended Complaint.

54. In response to the allegations in paragraph "54" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

55. Deny the allegations in paragraph "55" of the Amended Complaint.

56. Deny the allegations in paragraph "56" of the Amended Complaint.

57. Deny the allegations in paragraph "57" of the Amended Complaint.

58. In response to the allegations in paragraph "58" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

59. Deny the allegations in paragraph "59" of the Amended Complaint.

60. Deny the allegations in paragraph "60" of the Amended Complaint.

61. Deny the allegations in paragraph "61" of the Amended Complaint.

62. In response to the allegations in paragraph "62" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

63. Deny the allegations in paragraph "63" of the Amended Complaint.

64. Deny the allegations in paragraph "64" of the Amended Complaint.

65. Deny the allegations in paragraph "65" of the Amended Complaint.

66. In response to the allegations in paragraph "66" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

67. Deny the allegations in paragraph "67" of the Amended Complaint.

68. Deny the allegations in paragraph "68" of the Amended Complaint.

69. Deny the allegations in paragraph "69" of the Amended Complaint.

70. Deny the allegations in paragraph "70" of the Amended Complaint.

71. In response to the allegations in paragraph "71" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

72. Deny the allegations in paragraph "72" of the Amended Complaint.

73. Deny the allegations in paragraph "73" of the Amended Complaint.

74. Deny the allegations in paragraph "74" of the Amended Complaint.

75. Deny the allegations in paragraph "75" of the Amended Complaint.

76. In response to the allegations in paragraph "76" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

77. Deny the allegations in paragraph "77" of the Amended Complaint.

78. Deny the allegations in paragraph "78" of the Amended Complaint.

79. Deny the allegations in paragraph "79" of the Amended Complaint.

80. In response to the allegations in paragraph "80" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

81. Deny the allegations in paragraph "81" of the Amended Complaint.

82. Deny the allegations in paragraph "82" of the Amended Complaint.

83. In response to the allegations in paragraph "83" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

84. Deny the allegations in paragraph "84" of the Amended Complaint.

85. Deny the allegations in paragraph "85" of the Amended Complaint.

86. Deny the allegations in paragraph "86" of the Amended Complaint.

87. Deny the allegations in paragraph "87" of the Amended Complaint.

88. Deny the allegations in paragraph "88" of the Amended Complaint.

89. Deny the allegations in paragraph "89" of the Amended Complaint.

90. Deny the allegations in paragraph "90" of the Amended Complaint.

91. Deny the allegations in paragraph "91" of the Amended Complaint and all of its subparts.

92. Deny the allegations in paragraph "92" of the Amended Complaint.

93. In response to the allegations in paragraph "93" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

94. Deny the allegations in paragraph "94" of the Amended Complaint, except admit on information and belief that a document purporting to be a Notice of Claim was received by the City on June 29, 2015.

95. Deny the allegations in paragraph "95" of the Amended Complaint, except admit that more than 30 days has elapsed since June 29, 2015, and plaintiff's claim has not been paid or adjusted.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "96" of the Amended Complaint, except admit that the original Amended Complaint in this action was filed on June 28, 2016.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "97" of the Amended Complaint.

98. Deny the allegations in paragraph "98" of the Amended Complaint.

99. In response to the allegations in paragraph "99" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

100. Deny the allegations in paragraph "100" of the Amended Complaint.

101. Deny the allegations in paragraph "101" of the Amended Complaint.

102. Deny the allegations in paragraph "102" of the Amended Complaint.

103. Deny the allegations in paragraph "103" of the Amended Complaint.

104. In response to the allegations in paragraph "104" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

105. Deny the allegations in paragraph "105" of the Amended Complaint.

106. Deny the allegations in paragraph "106" of the Amended Complaint.

107. Deny the allegations in paragraph "107" of the Amended Complaint.

108. Deny the allegations in paragraph "108" of the Amended Complaint.

109. In response to the allegations in paragraph "109" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

110. Deny the allegations in paragraph "110" of the Amended Complaint.

111. Deny the allegations in paragraph "111" of the Amended Complaint.

112. Deny the allegations in paragraph "112" of the Amended Complaint.

113. Deny the allegations in paragraph "113" of the Amended Complaint.

114. Deny the allegations in paragraph "114" of the Amended Complaint.

115. Deny the allegations in paragraph "115" of the Amended Complaint.

116. In response to the allegations in paragraph "116" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

117. Deny the allegations in paragraph "117" of the Amended Complaint.

118. Deny the allegations in paragraph "118" of the Amended Complaint.

119. Deny the allegations in paragraph "119" of the Amended Complaint.

120. Deny the allegations in paragraph "120" of the Amended Complaint.

121. In response to the allegations in paragraph "121" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

122. Deny the allegations in paragraph "122" of the Amended Complaint.

123. Deny the allegations in paragraph "123" of the Amended Complaint.

124. Deny the allegations in paragraph "124" of the Amended Complaint.

125. Deny the allegations in paragraph "125" of the Amended Complaint.

126. Deny the allegations in paragraph "126" of the Amended Complaint.

127. Deny the allegations in paragraph "127" of the Amended Complaint.

128. In response to the allegations in paragraph "128" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

129. Deny the allegations in paragraph "129" of the Amended Complaint.

130. Deny the allegations in paragraph "130" of the Amended Complaint.

131. Deny the allegations in paragraph "131" of the Amended Complaint.

132. In response to the allegations in paragraph "132" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

133. Deny the allegations in paragraph "133" of the Amended Complaint.

134. Deny the allegations in paragraph "134" of the Amended Complaint.

135. In response to the allegations in paragraph "135" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

136. Deny the allegations in paragraph "136" of the Amended Complaint.

137. Deny the allegations in paragraph "137" of the Amended Complaint.

138. Deny the allegations in paragraph "138" of the Amended Complaint.

139. In response to the allegations in paragraph "139" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

140. Deny the allegations in paragraph "140" of the Amended Complaint.

141. Deny the allegations in paragraph "141" of the Amended Complaint.

142. In response to the allegations in paragraph "142" of the Amended Complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer as if fully herein.

143. Deny the allegations in paragraph "143" of the Amended Complaint.

144. Deny the allegations in paragraph "144" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE:

145. The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

146. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

147. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE:

148. There was probable cause for the arrest and prosecution of plaintiff.

## FIFTH AFFIRMATIVE DEFENSE:

149. Defendants Matthew Castellano and Scott Forster acted reasonably in the proper and lawful exercise of their discretion and have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE:

150. To the extent that any force was used, such force was reasonable, necessary, and justified.

## SEVENTH AFFIRMATIVE DEFENSE:

151. If plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

## EIGHTH AFFIRMATIVE DEFENSE:

152. Plaintiff provoked or was at fault for any alleged incident

## NINTH AFFIRMATIVE DEFENSE:

153. Plaintiff failed to mitigate her alleged damages.

## TENTH AFFIRMATIVE DEFENSE:

154. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**ELEVENTH AFFIRMATIVE DEFENSE:**

155. The individual defendants are immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

**TWELTH AFFIRMATIVE DEFENSE:**

156. To the extent that the Amended Complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

**WHEREFORE,** defendants Matthew Castellano, Scott Forster and The City of New York request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 7, 2017

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2423

By:      /s
     MATTHEW W. McQUEEN
     Assistant Corporation Counsel
     Special Federal Litigation Division